UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CROW TRIBE OF INDIANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 02-284 (RCL) |
| ) | |
| GALE NORTON, ) | |
| Secretary of the Interior, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the motion [63] to intervene filed by Beverly Greybull Huber, Nelson J. Wallace, Nora Greybull, and Mary E. Wallace, and on Frances Harris' motion [62] to intervene as of right under Fed. R. Civ. P. 24.  Upon consideration of the parties' filings, the applicable law, and the facts of this case, the Court finds that both motions to intervene will be DENIED.

### BACKGROUND

On February 13, 2002, plaintiff Crow Tribe of Indians filed a complaint requesting: (1) a declaratory judgment that defendants breached their fiduciary duties to plaintiff by failing to provide plaintiff with an accounting of plaintiff's trust funds; (2) an injunction compelling an accounting "of all the Tribe's trust funds"; (3) an award of attorney's fees and costs; and (4) "such other relief as may be just and equitable."  (See Compl.)

After an answer was filed, both parties engaged in settlement discussions to address all claims that plaintiff asserted in this Court, as well as claims that plaintiff could bring in the Court

of Federal Claims. The discussions culminated in a Joint Stipulation of Settlement ("Settlement"), which the parties filed on December 7, 2005. The Settlement specifically excludes, in relevant part, "[a]ny claim that plaintiff may have relating to defendants' alleged failure to enforce Section 2 of the Crow Allotment Act of 1920, including those claims set forth by plaintiff in Crow Tribe of Indians v. United States, Civ. No. 92-5371 (D.D.C.)." (Id. at 5, ¶ 4.) In entering into the Settlement, plaintiff had the active participation, review, and authorization of its Tribal Chairman, as well as authorization by its Legislative Branch. (Id. at 8-9, ¶ 9.)

This Court received two letters from Beverly Greybull Huber dated November 14 and 22, 2005, respectively. The Court instructed the Clerk of the Court to "provide copies of the letters to the parties and lodge the letters in the record of this case so that appropriate notification can be made if a [] settlement is eventually proposed to the Court." (November 28, 2005 Order) Additionally, the Court ordered the Clerk to "send a copy of this Order to Beverly Greybull Huber with a copy of the current docket entries in this case." (Id.)

On January 27, 2006, the Court ordered that the parties "provide copies [of the Settlement] to potential intervener Beverly Greybull Huber of The Voice of the Apsaalooka Sovereign Nation and the other potential interveners who have signed on in the interest of the Crow Nation as adults and elders of the Crow Nation." (January 27, 2006 Order.) Further, the Court ordered that "[a]ny motion to intervene to oppose the Court's approval of the parties' settlement [ ] be filed within 15 days of service of the parties' proposed settlement." (Id.)

On February 23, 2006, the Court received Ms. Huber's motion to intervene and an

amendment to that motion and Frances Harris' motion for intervention as of right under Fed. R. Civ. P. 24(a). The Court ordered both motions filed on the record in this case. (February 23, 2006 Order.)

## ANALYSIS

**I.   Standard of Review**

Federal Rule of Civil Procedure 24 sets forth the requirements for intervention as of right and permissive intervention. FED. R. CIV. P. 24. Rule 24(a) provides for intervention as of right, stating that:

> [u]pon timely application anyone shall be permitted to intervene in an action . . .when a statute of the United States confers an unconditional right to intervene; or . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

In deciding a motion to intervene as of right, the Court considers: "(1) the timeliness of the motion; (2) whether the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) whether the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) whether the applicant's interest is adequately represented by existing parties." Fund for Animals, Inc. v. Norton, 322 F.3d 728, 731-32 (D.C. Cir. 2003); see also Jones v. Prince George's County, Md., 348 F.3d 1014, 1017 (D.C. Cir. 2003). Additionally, the putative intervenor must demonstrate Article III standing. Jones, 348 F.3d at 1017-18.

An applicant for permissive intervention under Rule 24(b) establishes the threshold

requirements of (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action; the Court has discretion to grant or deny permissive intervention in view of the circumstances. FED. R. CIV. P. 24(b); see E.E.O.C. v. Nat'l Children's Center, Inc., 146 F.3d 1042, 1046, 1048 (D.C. Cir. 1998). Because "permissive intervention is an inherently discretionary enterprise," the court enjoys considerable latitude under Rule 24(b). Nat'l Children's Center, 146 F.3d at 1048. In considering a motion for permissive intervention, a court must determine whether the proposed intervention "will unduly delay or prejudice the adjudication of the rights of the original parties." FED. R. CIV. P. 24(b).

## II.     The Intervention Motions

Rule 24 states that any motion for intervention must be timely. Fed R. Civ. P. 24(a). The Supreme Court has said that "[t]imeliness is to be determined from all the circumstances. And it is to be determined by the court in the exercise of its sound discretion; unless that discretion is abused, the court's ruling will not be disturbed on review." NAACP v. New York, 413 U.S. 345, 366 (1973). "Timeliness is measured from when the prospective intervener 'knew or should have known that any of its rights would be directly affected by the litigation.'" Roeder v. Islamic Republic of Iran, 333 F.3d 228, 233 (D.C. Cir. 2003), cert. denied, 542 U.S. 915 (2004). Furthermore, if the motion is not timely, there is no need for the court to address the other factors that enter into an intervention analysis. See NAACP, 413 U.S. at 369.

The plaintiff's complaint was filed on February 13, 2002. After more than three years of negotiations, the parties executed and filed a Settlement on December 7, 2005. The motion to intervene by Ms. Huber and Harris were not filed until February 23, 2006. Harris claims that the

delay was caused by the "extreme secrecy" under which the parties negotiated. (Harris Mot. at 4.) Ms. Huber offers no explanation for her filings. The Court disagrees with Harris's claim and finds that both motions are untimely.

Since February 2002, plaintiff's complaint and all other motions and papers have been publicly available on the Court's docket. Furthermore, as Crow Tribal members, Ms. Huber and Harris knew or should have known about the litigation and the ensuing settlement discussions. Throughout the negotiations, plaintiff was represented by not only its counsel but also its Tribal Chairman, including the current Chairman, Carl Venne, and other members of the Tribal Executive Branch. Plaintiff's counsel obtained the review, approval, and authorization of not only Chairman Venne, but also the Legislative Branch regarding the Settlement. (See Settlement ¶ 9, at 8-9.)

Neither party has met the burden of showing that her motion is timely under Fed. R. Civ. P. 24(a). Additionally, granting Ms. Huber and Harris' motions would have a disruptive and unduly prejudicial effect on the parties' rights and interests in having their settlement approved and resolving the litigation in an amicable fashion. Moreover, because Ms. Huber and Harris' intervention motions are untimely, the Court will not grant permissive intervention.

## CONCLUSION

For the reasons set forth above, the motions [63] to intervene filed by Beverly Greybull Huber, Nelson J. Wallace, Sr., Nora Greybull, and Mary E. Wallace and Frances Harris' motion [62] to intervene will be DENIED.

A separate Order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, April 7, 2006.